**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4921**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JIMMY LEE WILLIAMS, a/k/a Jerry Thomas Williamson, a/k/a
Jermaine Thomas Williamson, a/k/a James Thomas Williamson,
a/k/a Jimmy Jermaine Williamson, a/k/a Kenneth Goss, a/k/a
Jerminie Thomas Williamson,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Max O. Cogburn, Jr.,
District Judge.  (3:01-cr-00183-MOC-DCK-1)

_____

Submitted:  July 18, 2013              Decided:  July 22, 2013

_____

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Carol Ann Bauer, Morganton, North Carolina, for Appellant.  Anne
M. Tompkins, United States Attorney, William M. Miller,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Lee Williams appeals the twenty-four-month sentence imposed upon revocation of his term of supervised release. Finding no error, we affirm.

Williams contends that the district court erred in revoking his supervised release rather than allowing him to continue on supervision and pursue mental health treatment outside of prison. Williams failed to raise this argument before the district court, therefore we decline to consider it on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) ("[I]ssues raised for the first time on appeal generally will not be considered . . . [unless] refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice."). Moreover, we conclude that Williams' twenty-four-month revocation sentence is within the prescribed statutory range and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006).

In determining the sentence to impose upon revocation of Williams' supervised release, the district court considered the Chapter Seven policy statements in the federal Sentencing Guidelines manual, the statutory requirements, and the relevant factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006). The court also considered Williams'

2

argument for a sentence at the low end of the range and the government's argument for a sentence at the higher end. Noting Williams' extensive criminal history and the need for deterrence, the court imposed a revocation sentence in the middle of the relevant range, to be followed by three years of supervised release.

This twenty-four-month revocation sentence is not plainly unreasonable. See Crudup, 461 F.3d at 437–39. Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED